**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

October 23, 2008

Beverly M. Wurth, Esq.
Calo Agostino, P.C.
14 Washington Place
Hackensack, NJ 07601

Eric Sigda, Esq.
Greenberg Traurig, LLP
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07932

**LETTER ORDER**
**REPORT& RECOMMENDATION**

Re:   **James Wood v. Gold Coast Freightways, Inc.**
      **Civil Action No. 08-3819 (SDW)**

Dear Counsel:

Before the Court is the motion for remand (Docket Entry No. 5) of Plaintiff James Wood ("Plaintiff"). This Court has read the briefs that the parties have submitted. No oral argument was heard, pursuant to Fed. R. Civ. P. 78. For the reasons that follow, this Court recommends that the motion for remand be **DENIED**.

In brief, the history of this case is as follows. On April 21, 2008, Plaintiff filed the complaint in the Superior Court of New Jersey, Bergen County: Law Division, against Defendant Gold Coast Freightways, Inc. ("Defendant"). On July 31, 2008, Defendant removed the pending state court action to this Court, pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction. On August 27, 2008, Plaintiff filed the instant motion to remand the case back to the Superior Court of New Jersey.

Plaintiff contends that this case should be remanded to state court on two grounds: 1) in its removal petition, Defendant failed to properly allege diversity of citizenship both at the time the complaint was filed in state court and at the time of removal; and 2) Defendant failed to establish its state of incorporation and its principal place of business on the date the complaint was served. Neither argument succeeds.

As to the first argument, this Court has reviewed both the removal petition and Plaintiff's complaint. The removal petition states that Plaintiff is a citizen of New Jersey. (Notice of Removal at ¶ 2). The removal petition further states that Defendant is incorporated in Florida with its principal place of business in Miami, Florida. (Id.). Finally, the removal petition alleges that diversity of citizenship existed at the time the complaint had been filed in state court, thereby conferring original jurisdiction on this Court. (Id. at 3-4). See Jackson v. Allen, 132 U.S. 27, 34 (1889). Notwithstanding Plaintiff's assertions to the contrary, I am satisfied that the removal petition sufficiently shows complete diversity of citizenship between the parties at the time the complaint was filed and at the time of removal. See Perks v. Firestone Tire & Rubber Co., 611 F.2d 1363, 1366 n.8 (3d Cir. 1979). Given these findings, it is unnecessary for this Court to consider Defendant's request for leave to amend its removal petition to foreclose any dispute regarding diversity jurisdiction.

As to the second argument, Plaintiff incorrectly states that Defendant has an affirmative obligation to establish its state of incorporation and its principal place of business on the date of service of the complaint. Plaintiff offers no legal authority to this argument. Indeed, this Court has already determined that Defendant's removal petition sufficiently shows diversity of citizenship at the time the complaint was filed and at the time of removal. To the extent Plaintiff is arguing Defendant did not timely remove the case (i.e., within thirty days of service of the complaint), Plaintiff offers no proof of service. Rather, he merely raises this contention in his legal brief in support of his motion to remand. The Court will not consider such an unsubstantiated allegation.

There is complete diversity of citizenship. This Court has subject matter jurisdiction. Plaintiff has failed to persuade this Court that there is a basis for remand.

In sum, having considered the parties' submissions, having good cause, and for the reasons expressed above, this Court respectfully recommends that Plaintiff's motion to remand (Docket Entry No. 5) be **DENIED**.

The parties have ten (10) days from the date hereof to file objections.

The October 29, 2008 conference/oral argument is adjourned. A Rule 16 conference is scheduled for **November 18, 2008 at 3:00 p.m.** Counsel shall meet and confer and submit a Joint Discovery Plan in advance.

                                                *s/Madeline Cox Arleo*
                                                **MADELINE COX ARLEO**
                                                **United States Magistrate Judge**

cc:    Clerk
        Hon. Susan D. Wigenton, U.S.D.J.
        All Parties
        File